```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
THI HA VU,

                    Petitioner,

     -against-                              MEMORANDUM AND ORDER
                                            No. 16-CV-1196 (FB)
WARDEN QUAY, Metropolitan
Detention Center, and UNITED
STATES OF AMERICA,

                    Respondents.
------------------------------------------------x
```

*Appearances:*

For the Petitioner:  
MIA EISNER-GRYNBERG, ESQ.  
Federal Defenders of New York  
One Pierrepoint Plaza, 16th Floor  
Brooklyn, New York 11201  

For the Respondents:  
ROBERT L. CAPERS, ESQ.  
United States Attorney  
Eastern District of New York  
271 Cadman Plaza East  
Brooklyn, New York 11201  

By:  RYAN C. HARRIS, ESQ.  
     Assistant United States Attorney

**BLOCK, Senior District Judge:**

Petitioner, Thi Ha Vu, was arrested on November 4, 2015, pursuant to a provisional arrest warrant issued in anticipation of an extradition request by the government of France. That request was formally submitted to the Department of State on December 31, 2015.

On February 3, 2016, Magistrate Judge Pohorelsky held a hearing pursuant to 18 U.S.C. § 3184. He later issued a written decision certifying to the Secretary of

State that there was sufficient evidence that Vu had committed extraditable offenses, and ordered her continued confinement pending her surrender to French authorities. *See In re Extradition of Thi Ha Vu*, No. 15-MJ-1049 (E.D.N.Y. Opinion & Order dated Feb. 5, 2016).

Vu now seeks review of Magistrate Judge Pohorelsky's decision by means of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Having considered the parties' submissions and having heard oral argument, the Court denies the petition.

I

Vu is a native of Vietnam. A brief affair with Richard Froger, a French citizen studying in Vietnam, led to the birth of a daughter in 2006. Froger denied any responsibility for the child, and had already returned to France by the time she was born. He had little or no contact with his child for several years. In 2011, however, he expressed an interest in increased contact. By 2013, the child was living with Froger in Paris, making occasional visits to her mother, who by that time was living in the United States.

Vu and Froger eventually disagreed as to where their daughter would live, and Froger petitioned for custody in France. On July 8, 2015, a family judge of the Tribunal de Grande Instance de Paris (the French capital's court of general jurisdiction), decreed that both parents would have custody, but that the child's

principal residence would be with her father in Paris. She further decreed that Vu would have visitation rights on a mutually agreed-upon schedule or, failing that, for half of the child's summer vacation. These visitation rights came with an order not to take the child out of French territory without both parents' consent. Both parents were present and represented by counsel at the proceeding.

Vu appealed, but the status of the appeal is not a matter of record. In any event, Vu brought her daughter to the United States on August 15, 2015, having agreed to return her to Froger in France on August 29th. On August 28th, however, Vu sent Froger an email stating that she was in Vietnam with the child and would not return as agreed. Froger made it clear to Vu that he did not consent. To the contrary, he reported Vu's actions to French authorities, who charged her with several counts of parental abduction in violation of the French Penal Code, and issued a warrant for her arrest.

Vu and her daughter returned to the United States on October 30, 2015. Alerted to this, Froger flew to the United States and petitioned a New York court for an order directing Vu to return their child to him. The state court issued a summons directing Vu to appear on November 4th. The day before her scheduled appearance, a man identified in the parties' submissions as Vu's husband informed Froger that Vu was attempting to flee the country with their daughter. At the request of the French government, the United States government obtained a provisional arrest warrant from

3

Magistrate Judge Pohorelsky. On the morning of November 4th, marshals unsuccessfully attempted to execute the warrant at Vu's residence in Massapequa Park in Nassau County. They then went to John F. Kennedy International Airport, where they found Vu attempting to board a plane to China with her child. She was arrested and Magistrate Judge Pohorelsky ordered her detained pending extradition proceedings.

## II

Extradition is a coordinated effort between the executive and judicial branches. The Department of State receives the request from the foreign government, but the arrest and detention of the person concerned are handled by a judicial officer, which the relevant statute defines as "any justice or judge of the United States, or any magistrate judge authorized . . . by a court of the United States, or any judge of a court of record of general jurisdiction of any State." 18 U.S.C. § 3184. The statute directs that the arrestee be brought before the judicial official so that "the evidence of criminality may be heard and considered." *Id.* "If, on such hearing, he deems the evidence sufficient to sustain the charge . . . he shall certify the same . . . to the Secretary of State[.]" *Id.*

"An extradition hearing is not the occasion for an adjudication of guilt or innocence." *Melia v. United States*, 667 F.2d 300, 302 (2d Cir. 1981). "Rather, its purpose is to determine whether there is reasonable ground to believe that the person

4

whose extradition is sought is guilty, that is, whether there is sufficient evidence to justify extradition under the appropriate treaty." *Id.* As a result, "a fugitive may be permitted to offer explanatory testimony, but may not offer proof which contradicts that of the demanding country." *Messina v. United States*, 728 F.2d 77, 80 (2d Cir. 1984). "[C]onflict[s] of credibility" must likewise await trial in the demanding country. *Shapiro v. Ferrandina*, 478 F.2d 894, 905 (2d Cir. 1973). Finally, "[a]ny arguments regarding the demanding country's compliance with its own laws . . . are properly reserved for the courts of that country." *Skaftourous v. United States*, 667 F.3d 144, 156 (2d Cir. 2011).

As a practical matter, almost all requests to detain an individual subject to extradition are made to a magistrate judge, in this case, Magistrate Judge Pohorelsky. *But see Ahmad v. Wigen*, 910 F.2d 1063, 1064 (2d Cir. 1990) ("After a hearing held pursuant to 18 U.S.C. § 3184, Judge Korman of the United States District Court for the Eastern District of New York granted the Government's application for the certification to the Secretary of State of Ahmad's extraditability."). The Secretary of State then makes the final decision whether to surrender the individual to the foreign government. *See* 18 U.S.C. § 3186. In the meantime, the individual can challenge his or her detention by petitioning the district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Skaftourous*, 667 F.3d at 157. "[H]abeas corpus is available to an extraditee 'only to inquire whether the magistrate had jurisdiction, whether the

5

offense charged is within the treaty and, by a somewhat liberal extension, whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty.'" *Id.* (quoting *Fernandez v. Phillips*, 268 U.S. 311, 312 (1925)). Although the district court is not "expected to wield a rubber stamp," *id.* at 155, "[t]he scope of such review is limited and should not be converted into a de novo review of the evidence." *Melia*, 667 F.2d at 302.[1]

## III

The only disputed issue before Magistrate Judge Pohorelsky was whether there was sufficient evidence that Vu had committed a crime under French law. She has been charged with three such crimes. Section 227-7 of the French Penal Code makes it a crime for any "ascendant" to abduct a minor "from the care of persons who exercise parental authority over [the minor]."[2] Section 227-9 increases the penalty if the minor is taken outside of French territory. Section 227-11 criminalizes attempted abductions.

Thus, "abduction" is an element of all three crimes. As Magistrate Judge Pohorelsky recognized, the French Penal Code does not define the term. He drew a

---

[1] Curiously, if a district judge conducts the § 3184 hearing, habeas review results in one district judge scrutinizing the decision of another. *See Ahmad*, 910 F.2d at 1064 ("Ahmad then petitioned [Judge Weinstein] unsuccessfully for habeas corpus.").

[2] An "ascendant" is the opposite of a descendant, i.e., a parent, grandparent, etc.

parallel, however, to 18 U.S.C. § 1204(a), which makes it a crime to remove or retain a child "with intent to obstruct the lawful exercise of parental rights." He then found "more than sufficient proof" that Vu acted with the requisite intent. *See In re Extradition of Thi Ha Vu*, No. 15-MJ-1049, at 6 (E.D.N.Y. Opinion & Order dated Feb. 5, 2016). He based his finding on "undisputed proof" that Vu "was aware of the judicial order giving Froger the right to custody of the child, and that she had to obtain his consent to remove the child from France." *Id.* at 6-7. He found further proof of intent in Vu's attempt to flee. *See id.* at 7.

## IV

Vu does not challenge Magistrate Judge Pohorelsky's jurisdiction, which, in any event, is clear under 18 U.S.C. § 3184. Nor does she argue that the crimes with which she is charged are extraditable offenses. Thus, as before the magistrate judge, the sole issue is whether there is sufficient evidence that she committed those crimes.

On that issue, Vu makes several arguments that are beyond the scope of this court's limited review. She argues, for example, that the French family court's custody decree violated French law. The issue of French law is clearly a matter for a French court, either the court hearing her appeal of the decree or, if a collateral challenge is allowed under French law, the criminal court with jurisdiction over the charges against her. *See Skaftourous*, 667 F.3d at 156.

She also argues that the charges against her are based on lies by Froger to

7

French authorities. Froger's credibility is likewise an issue that must await trial in a French court. *See Shapiro*, 478 F.2d at 905.

Vu argues that both Froger and the French family court have violated the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11670. She presumably means to argue that custody should be determined in accordance with the law of the child's last habitual residence. *See id.* art. 3. Since Vietnam is not a signatory to the convention, the candidates are the United States and France.

A habeas proceeding is not the proper forum to adjudicate whether France or the United States has jurisdiction to determine custody. Nor is it the proper forum to determine whether Froger has, as Vu alleges, violated the federal International Parental Kidnapping Crime Act, 18 U.S.C. § 1204. This extradition proceeding addresses whether there is sufficient evidence that Vu committed a crime, not whether Froger did. In any event, the two are not mutually exclusive.

As to the only relevant issue—whether there is sufficient evidence that Vu committed the crimes with which she is charged in France—Vu challenges only the mens rea element. She does not dispute—and the Court agrees—that the requisite intent is similar to the intent required under 18 U.S.C. § 1204: an intent "to obstruct the lawful exercise of [Froger's] parental rights." *Id*.

Vu's principal objection to the magistrate judge's finding of probable cause is

8

that he did not consider "explanatory" evidence negating such an intent. She argues that the facts constituting the "framework" within which her actions occurred establish that her only intent was "to restore her parental rights in Vietnam." Pet'r's Mem. of Law at 15-16. Even assuming that her proffered evidence is truly explanatory, and not contradictory, the fact remains that Vu knew that taking her daughter to Vietnam would extend beyond the visitation period she and Froger had agreed to. At oral argument, Vu argued that the agreement was for the child to spend the entire month of August with her, and that Froger had deprived her of the first two weeks of that period. That does not, however, explain away the undisputed fact that she kept the child for the entire months of September and October.

In sum, the Court agrees with Magistrate Judge Pohorelsky that there is ample evidence that Vu knew that her actions would obstruct Froger's rights under the French family court's decree. That alone is sufficient to establish the requisite intent.

V

For the following reasons, the petition for a writ of habeas corpus is denied.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

June 23, 2016
Brooklyn, New York